IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

MICHAEL WAYNE MILLER                                              PLAINTIFF

v.                                   Case No. 1:15-cv-1018

MIKE MCGOUGH and SHERRI RICE                                     DEFENDANTS

## ORDER

Plaintiff Michael Wayne Miller submitted this *pro se* action for filing on April 2, 2015. (ECF No. 1).  Currently before the Court are Defendants' Motions to Dismiss (ECF Nos. 19, 23), and Plaintiff's failure to respond to the Court's Order to Show Cause.  (ECF No. 22).

On April 2, 2015, the Court granted Plaintiff *in forma pauperis* status ("IFP").  (ECF No. 3).  The Court's IFP Order advised Plaintiff to keep the Court apprised of any address changes, and noted that failure to keep the Court informed of an address change could result in the dismissal of his case.

On two different occasions, mail sent to Plaintiff was returned as undeliverable.  On April 16, 2015, mail sent to Plaintiff at the Union County Criminal Justice Center was returned, indicating he was no longer there.  Mail was resent to his new address at DCC – Southwest Arkansas Community Correction Center.  On January 26, 2016, mail sent to Plaintiff at DCC was returned as undeliverable because Plaintiff had been paroled.  On January 27, 2016, Plaintiff's address was changed to the address he provided at booking.[1]  (ECF No. 16).

---

[1] This address was 497 Kelly Road, El Dorado, Arkansas 71730.

On March 17, 2016, Defendants filed a Motion to Dismiss.  (ECF No. 19).  Defendants stated that they were unable to effect service of correspondence on Plaintiff because he failed to keep the Court and Defendants apprised of his current address.  Plaintiff did not respond to the Motion to Dismiss.  On April 18, 2016, Plaintiff notified the Court of a new address at 402 Quapaw Street, Hot Springs, Arkansas 71901.  This address remains Plaintiff's address of record.

On May 10, 2016, the Court entered a Show Cause Order, directing Plaintiff to show cause why his case should not be dismissed for failure to follow the rules of the Court.  (ECF No. 22).  Plaintiff did not respond to the Show Cause Order, and the Order was not returned as undeliverable.

On October 27, 2016, Defendants filed a second Motion to Dismiss.  (ECF No. 23).  As grounds for dismissal, Defendants noted Plaintiff's failure to respond to the Court's Show Cause Order and Plaintiff's failure to keep the Court apprised of his current address.  Plaintiff did not respond to Defendants' second Motion to Dismiss.  Plaintiff has not communicated with the Court since April 18, 2016.

While *pro se* pleadings are to be construed liberally, a *pro se* litigant is not excused from complying with substantive and procedural law.  *See Burgs v. Sissel*, 745 F.2d 526, 528 (8th Cir. 1984).  Local Rule 5.5(c)(2) states in pertinent part:

> It is the duty of any party not represented by counsel to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently. . . .  If any communication from the Court to a *pro se* plaintiff is not responded to within thirty (30) days, the case may be dismissed without prejudice.  Any party proceeding *pro se* shall be expected to be familiar with and follow the Federal Rules of Civil Procedure.

Local Rule 5.5(c)(2).

Additionally, the Federal Rules of Civil Procedure specifically contemplate dismissal of a case on the grounds that the plaintiff failed to prosecute or failed to comply with orders of the Court. *See* Fed. R. Civ. P. 41(b); *see also Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962) (stating the district court possesses the power to dismiss *sua sponte* under Rule 41(b)). Pursuant to Rule 41(b), a district court has the power to dismiss an action based on "the plaintiff's failure to comply with *any* Court order." *Brown v. Frey*, 806 F.2d 801, 803-04 (8th Cir. 1986) (quoting *Haley v. Kan. City Star*, 761 F.2d 489, 491 (8th Cir. 1985)) (emphasis added).

Plaintiff has failed to keep the Court apprised of his current address as required by Local Rule 5.5(c)(2). Plaintiff has failed to comply with the Court's Order to Show Cause. Plaintiff has also failed to prosecute this matter. Therefore, pursuant to Federal Rule of Civil Procedure 41(b) and Local Rule 5.5(c)(2), the Court finds that Defendants' Motion to Dismiss (ECF No. 23) should be and hereby is **GRANTED**. Accordingly, Plaintiff's case is hereby **DISMISSED WITHOUT PREJUDICE**.

**IT IS SO ORDERED**, this 28th day of November, 2016.

/s/ Susan O. Hickey
Hon. Susan O. Hickey
United States District Judge